UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-309 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PAUL LUTHER DIX, | |
| Defendant(s). | |

Presently before the court is *United States v. Dix*, case no. 2:13-cr-00309-JCM-VCF. Paul Luther Dix ("petitioner") was sentenced to 83 months in prison to run concurrently to State of Nevada case no. C-13-291362-1 and 3 years of supervised release on January 12, 2015. Petitioner then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #41). The United States ("respondent") has not filed a response to the motion and more than 30 days have passed. Petitioner also filed a motion for leave to proceed *in forma pauperis* (doc. #42) as well as a motion for appointment of counsel. (Doc. #48).

Pursuant to local rule 1-1, a party seeking to proceed *in forma pauperis* must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities. Additionally, a motion to proceed *in forma pauperis* filed by an inmate, as here, must be accompanied by a certificate from the institution housing the inmate that certifies the amount of funds held in the inmate's account for the last six (6) months. Local Rule LSR 1-2.

Petitioner has submitted an affidavit showing his inability to pay the fees and costs associated with his appeal. (Doc. #42). However, he has failed to comply with Local Rule LSR 1-2 by not submitting a certified copy of his inmate account for the last six months.

**James C. Mahan**
**U.S. District Judge**

In his motion for appointment of counsel, petitioner requests counsel to determine whether he may qualify for federal habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). However, petitioner was not sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA requires imposition of a minimum 15-year term of imprisonment for reoffenders convicted of unlawful possession of a firearm under 18 U.S.C. 922(g), who have three prior state or federal convictions for violent felonies or serious drug offenses. Nowhere in petitioner's plea agreement is there any mention of 18 U.S.C. 924(e) and his guideline calculations do not apply USSG § 4B1.4. Furthermore, as petitioner was only sentenced to 6 years and 11 months, it evident that he was not penalized under this provision.

Accordingly,

It is ORDERED that respondent file a response to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 no later than 30 days from the date of this order.

IT IS FURTHER ORDERED that petitioner's application to proceed *in forma pauperis* (doc. #42) be, and the same hereby is DENIED. Petitioner may refile his request with the required documentation.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (doc. #48) be, and the same hereby is DENIED.

DATED February 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -