UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff(s),<br><br>  v.<br><br>PAUL LUTHER DIX,<br><br>  Defendant(s). | Case No. 2:13-CR-309 JCM (VCF)<br><br>ORDER |

Presently before the court is petitioner Paul Luther Dix's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 62).

**I.    Facts**

On August 8, 2014, petitioner pleaded guilty to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and 924(a)(2).  (ECF No. 33).  In the plea agreement, petitioner knowingly and expressly waived, *inter alia*, "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 34 at 9–10).

On January 12, 2015, the court sentenced petitioner to 83 months in custody to run concurrently with petitioner's state sentence, followed by three (3) years supervised release.  (ECF No. 39).  Petitioner was advised of his rights to file an appeal.  (ECF No. 39).  The court entered judgment on January 13, 2015.  (ECF No. 40).

In the instant motion, petitioner moves to vacate the sentencing enhancement applied to his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court resentence him to 20 months.  (ECF No. 62).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

In the instant motion, petitioner requests that the court vacate his erroneous sentencing enhancement pursuant to *Johnson* and resentence him to 20 months. (ECF No. 62). In particular, petitioner argues that his sentence violates due process of law and that under *Johnson*, he does not qualify for the United States Sentencing Guideline ("USSG") § 2K2.1 sentencing enhancement. (ECF No. 62 at 3). Petitioner asserts that his sentence was based on a finding that his prior convictions qualified as "crimes of violence" under USSG § 4B1.2(a), which in turn resulted in an increased base level under § 2K2.1(a)(2). (ECF No. 62 at 3).

The court disagrees. In *Johnson v. United States*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

James C. Mahan
U.S. District Judge

- 2 -

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The closing words emphasized above have come to be known as the ACCA's "residual clause."  *Johnson*, 135 S. Ct. at 2555–56.

*Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause.  Nonetheless, petitioner argues that the court should apply *Johnson*'s holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language and because other circuits have held § 4B1.2's residual clause to be unconstitutionally vague.  (ECF No. 62 at 6–11).  The court, again, disagrees.

In *Beckles v. United States*, the United States Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."  No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017).  In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

2017 WL 855781, at *6.

Because the USSG's residual clause is not subject to a vagueness challenge under the due process clause, petitioner's argument fails.  The maximum penalty for felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) is 10 years in custody and/or a fine of up to $250,000.00.  (*See, e.g.*, ECF No. 34 at 7).  Petitioner was sentenced to 83 months, which is under the statutory maximum.  (*See* ECF Nos. 39, 40).

Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62).

Furthermore, the court declines to issue a certificate of appealability.  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

**James C. Mahan**
**U.S. District Judge**

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> >   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> >   >   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >   >   (B) the final order in a proceeding under section 2255.
> >   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> >   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Paul Luther Dix's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to vacate (ECF No. 41) be, and the same hereby is, DENIED as moot.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that petitioner's amended abridged motion to vacate (ECF No. 59) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion to supplement (ECF No. 60) be, and the same hereby is, DENIED as moot.

DATED March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**